**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| BLANCA S. | : | |
| | : | |
| v. | : | |
| | : | NO. 25-CV-3818 |
| FRANK BISIGNANO, | : | |
| Commissioner of Social Security | : | |

**O P I N I O N**

SCOTT W. REID                                       DATE:  March 11, 2026
UNITED STATES MAGISTRATE JUDGE

Blanca S. brought this action under 42 U.S.C. §405(g) to obtain review of the decision of

the Commissioner of Social Security denying her claim for Disability Insurance Benefits

("DIB") and Supplemental Security Income ("SSI").  She has filed a Request for Review to

which the Commissioner has responded.  As explained below, I conclude that the Request for

Review should be granted in part and the matter remanded for reevaluation of the mental health

opinion evidence consistently with this Opinion, as discussed below.

I.        *Factual and Procedural Background*

Blanca S. was born on October 7, 1975.  Record at 276.  She left school after the eleventh

grade.  Record at 312.  She worked in the past as a Certified Nurse's Assistant.  Record at 313.

On August 26, 2021, Blanca S. filed applications for DIB and SSI, alleging disability as of

March 24, 2021, on the basis of arthritis in the back and knees, obesity, deafness in the left ear,

gynecological issues, bi-polar disorder, anxiety, depression and post-traumatic stress disorder

("PTSD").  Record at 276, 287, 311.

Blanca S.'s applications were denied on January 27, 2022.  Record at 76, 77.  They were denied again on reconsideration on April 12, 2022.  Record at 102, 103.  Blanca S. then sought review *de novo* by an Administrative Law Judge ("ALJ").  Record at 187, 189.

A hearing was held before an ALJ on September 13, 2022.  Record at 37.  On January 11, 2023, the ALJ issued a written decision denying benefits.  Record at 16.  On July 19, 2023, the Appeals Council denied Blanca S.'s request for review, permitting the ALJ's decision to stand as the final decision of the Commissioner of Social Security.  Record at 1.

Blanca S. appealed the Commissioner's decision to this Court.  Her appeal was docketed as Case No. 23-CV-3576, and assigned to the Honorable Richard A. Lloret.  The Commissioner then filed an uncontested motion to have the case remanded.  Record at 2332.  Judge Lloret granted the motion, and ordered the case remanded to the Agency on February 29, 2024.  Record at 2337.

Upon remand, the Appeals Council vacated its earlier order.  Record at 2297.  It sent the case back to the ALJ for a new hearing, directing the ALJ to (1) consider in more detail the report submitted by treating physician Nimidia Oviedo, M.D.; and (2) address a conflict between the ALJ's decision that Blanca S. could not "be assigned tasks involving math calculations" and the DOT ("Dictionary of Occupational Titles") description of the three jobs which the ALJ previously found that Blanca S. could perform.  *Id*.

The case was assigned to a different ALJ, who held a second hearing on February 15, 2025.  Record at 2269.  In an April 1, 2025, decision, this ALJ, too, denied benefits.  Record at 2242.  This time, the Appeals Council did not review the ALJ's decision, and the ALJ's decision became the final decision of the Commissioner, as permitted by 20 C.F.R. §404.984(a).  Blanca S. then filed the present action.

2

II.    *Legal Standards*

The role of this court on judicial review is to determine whether the Commissioner's decision is supported by substantial evidence.  42 U.S.C. §405(g); *Richardson v. Perales*, 402 U.S. 389 (1971); *Newhouse v. Heckler*, 753 F.2d 283, 285 (3d Cir. 1985).  Substantial evidence is relevant evidence which a reasonable mind might deem adequate to support a decision. *Richardson v. Perales*, *supra*, at 401.  A reviewing court must also ensure that the ALJ applied the proper legal standards.  *Coria v. Heckler*, 750 F.2d 245 (3d Cir. 1984).

To prove disability, a claimant must demonstrate that there is some "medically determinable basis for an impairment that prevents him from engaging in any 'substantial gainful activity' for a statutory twelve-month period."  42 U.S.C. §423(d)(1).  Each case is evaluated by the Commissioner according to a five-step process:

> (i) At the first step, we consider your work activity, if any.  If you are doing substantial gainful activity, we will find that you are not disabled.  (ii)  At the second step, we consider the medical severity of your impairment(s).  If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in §404.1590, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled.  (iii)  At the third step, we also consider the medical severity of your impairment(s).  If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled.

20 C.F.R. §404.1520(4) (references to other regulations omitted).

Before going from the third to the fourth step, the Commissioner will assess a claimant's residual functional capacity ("RFC") based on all the relevant medical and other evidence in the case record.  *Id*.  The RFC assessment reflects the most an individual can still do, despite any limitations.  SSR 96-8p.

The final two steps of the sequential evaluation then follow:

(iv)  At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work.  If you can still do your past relevant work, we will find that you are not disabled.  (v)  At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work.  If you can make the adjustment to other work, we will find that you are not disabled.  If you cannot make an adjustment to other work, we will find that you are disabled.

*Id.*

III.    *The ALJ's Decision and the Claimant's Request for Review*

In his decision, the ALJ found that Blanca S. suffered from the severe impairments of lumbar degenerative disc disease, bilateral knee osteoarthritis, right shoulder arthritis, obesity, bipolar disorder, major depressive disorder, generalized anxiety disorder, and PTSD.  Record at 2245.  He recognized that Blanca S. also suffered from asthma and hypertension, but found that they were not severe impairments.  *Id.*

The ALJ did not find that any impairment or combination of impairments met or medically equaled the severity of a listed impairment.  Record at 2245-6.  As to Blanca S.'s mental impairments, he found that she was moderately limited in understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting and managing herself.  Record at 2246-7.

The ALJ determined that Blanca S. retained the RFC to perform a limited range of sedentary work:

[S]he can never climb ladders, ropes, or scaffolds, kneel, or crawl, occasionally climb ramps or stairs, balance, stoop, or crouch, and frequently reach overhead bilaterally. Additionally, she must avoid all exposure to extreme cold, hazardous machinery, and unprotected heights, avoid driving or operating motor vehicles, and avoid concentrated exposure to wetness and humidity, excessive vibration, and irritants such as fumes, odors, dust, gases, and poorly ventilated areas.  The claimant is able to understand, remember, and carry out simple instructions.  She can concentrate, persist, and maintain pace for two-hour periods with normal breaks, perform activities within a schedule, maintain

4

regular attendance and be punctual within customary tolerances, sustain an ordinary routine with special supervision, and make simple work-related decisions.  The claimant can interact appropriately with coworkers and supervisors but only have occasional interaction with the public.  She can respond appropriately to changes in the work setting.

Record at 2248.

Relying upon the testimony of a vocational expert who appeared at the hearing, the ALJ found that Blanca S. could not return to her past relevant work.  Record at 2256.  However, she could perform such jobs as weight tester, dowel inspector, and assembler.  Record at 2257.  He concluded, therefore, that she was not disabled.  *Id*.

In her Request for Review, Blanca S. argues that the ALJ erroneously failed to credit the opinion of her treating psychiatrist, Roger Erro, M.D., and those of the independent consulting mental health experts, Daniel Basch, Psy.D., and Asher Kline, Psy.D.  Blanca S. also argues that the ALJ wrongly rejected the opinion of her treating physician, Nimidia Oviedo, M.D.  Finally, she maintains that the ALJ did not include all of her credibly established limitations in the RFC assessment, or in the hypothetical questions he posed to the vocational expert.

IV.    *Discussion*

A.    *The Mental Health Expert Opinion Evidence*

Initially, it should be noted that the current Social Security regulations no longer give enhanced or controlling weight to the opinion of a treating physician.  20 C.F.R. §§404.1520c(a), 416.920c(a).  Instead, an ALJ is directed to assess all medical opinion evidence by the same standard, particularly considering the "most important" factors of internal consistency and the degree to which the evidence under consideration is supported by other evidence of record.  20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2).  Nevertheless, the medical source's relationship with the claimant – including its length, purpose, and extent – remains a factor to be considered.  20 C.F.R. §404.1520c(c)(3), 416.920c(c)(3).

In this case, Blanca S. has pointed to several instances in which the ALJ failed to adhere to this direction regarding the assessment of medical opinion evidence. First, she accurately points out that, although the ALJ discussed the extent to which the opinions of Dr. Erro, her treating psychiatrist, were inconsistent with some record evidence, he did not discuss the fact that his findings were consistent with other evidence, both medical and non-medical.

Dr. Erro saw Blanca S. for monthly medicine checks at Panamerican Mental Health Services from May, 2022, through the date of her 2025 hearing. Record at 1558, 2203, 2278. In a September 23, 2022, report, he indicated that Blanca S. had "no useful ability to function" in the categories of "maintain regular attendance and be punctual within customary, usually strict, tolerance," "deal with normal work stress" and "complete a normal workday and workweek without interruptions from psychologically based symptoms." Record at 2205. She was "unable to maintain competitive standards" in other categories, such as: "remember work-like procedures," "maintain attention for two-hour segments," and "sustain an ordinary routine without special supervision." *Id*. Dr. Erro also opined that Blanca S. would be absent from work more than four days per month due to her impairment or treatment, adding the comment: "Much more!" Record at 2207.

The ALJ wrote:

> Dr. Erro had a treating relationship with the claimant in 2022. However, mental status examination findings conducted during this time were relatively unremarkable, typically finding her alert and oriented, affect congruent, and no evidence of mood instability, other than a mildly irritable mood. For example, records from October, 2022, one month after this opinion was formulated, document her medications were effective. Later records do not document any major changes in her mental health condition. Psychiatric hospitalizations have not been needed. Therefore, this opinion is neither well-supported nor consistent with the other evidence of record so it is not persuasive.

Record at 2254.

This, in itself, was legitimate: an ALJ is empowered to independently formulate an RFC based on "*all* of the relevant medical and other evidence." 20 C.F.R. §404.1545(a)(3) an §404.1546(c) (emphasis supplied). He is not limited to considering the medical opinion evidence.

However, as Blanca S. points out, the ALJ did not discuss the fact that Dr. Erro's report was in many ways consistent with those of every other mental health expert to have met with her. Notably, consulting examiner Daniel Basch, Psy.D., who saw Blanca S. on December 2, 2021; consulting examiner Asher Kline, Psy.D., (September 27, 2024); and treating therapist Walkiris Santana, M.A., her treating therapist at Panamerican Mental Health Services, all agreed that Blanca S. had marked limitations in the ability to respond appropriately to changes in a routine work setting. Record at 791, 2453, 2819. Ms. Santana found Blanca S. to have many more marked limitations. Record at 2819-2820. Dr. Erro's report was also consistent in this respect with the non-medical function report submitted by Blanca S.'s daughter. She wrote that her mother handled stress "very poorly" and "doesn't know how to deal with changes." Record at 328.

The ALJ discussed the reports of Drs. Basch and Kline and Ms. Santana individually, and dismissed their findings of marked limitations largely on the same basis as that on which he rejected Dr. Erro's similar findings; relatively normal mental health evaluations, and the absence of psychiatric hospitalizations or other form of intensive mental health treatment. Record at 2253, 2254, 2256. However, the significant consistency between the reports from all treating and examining mental health experts, who found disabling limitations, required consideration.[1]

---

[1] The agency mental health experts found that Blanca S. was much less limited. Record at 81-3, 113-15. However, the ALJ conceded that most of the mental health records were submitted after the agency experts issued their opinions. Record at 2254.

Further, the ALJ made several meaningful errors in his individual assessments of the opinion mental health experts that should be corrected on remand. First, Dr. Basch opined that Blanca S. had marked restrictions in interacting appropriately with supervisors and coworkers, as well as responding appropriately to work situations and changes in a routine work setting. Record at 791. The ALJ wrote: "I do not find this opinion persuasive because it was based on a one-time evaluation of the claimant." Record at 2253. This makes no sense, as every consulting expert examination is a one-time examination. Thus, rejecting a consulting examiner's opinion for this reason nullifies the entire concept of a consulting expert. Consulting examinations, however, are established by Social Security regulation. 20 C.F.R. §416.919a. They are a valuable source of information where the medical evidence would otherwise be inadequate to permit a well-reasoned decision. *Id*.

Moreover, the ALJ made a significant factual error regarding Ms. Santana's report. The ALJ wrote: "[I]t is unclear if Walkiris Santana, MA, has a treating relationship with the claimant .. ." However, at Blanca S.'s hearing before the present ALJ, she told him that her therapist's name was "Ms. Santana" and that she spoke to her "twice a week." Record at 2280. As discussed above, the ALJ placed importance on the nature of the relationship between Blanca S. and the various opining mental health experts. Record at 2253 (Dr. Basch, as discussed above); 2254 ("Dr. Erro had a treating relationship with the claimant in 2022"). Therefore, it is significant that he did not credit Ms. Santana with the long-time treating relationship which gave her a much better opportunity to observe Blanca S. than even Dr. Erro, who only saw her for a half-hour medicine check per month.

This combination of errors undermines the reliability of the ALJ's conclusion regarding Blanca S.'s mental RFC, and requires remand.  At times, a District Court will remand solely for an award of benefits where a case has been remanded before, seeing no reason to give the agency yet another chance to prove its case.  *Allen v. Bowen*, 81 F.2d 37 at *44 (3d Cir. 1989).  Here, however, the first remand pertained only to Blanca S.'s physical impairments, so the agency has not yet had a chance to repair its errors regarding her mental limitations.

Accordingly, I will order the case remanded for a reevaluation of the mental health evidence, correcting the errors noted herein, and addressing the significance of the consistency of Dr. Erro's report with all other reports from examining mental health experts.  Upon remand, both parties will have the opportunity to be heard on the remanded issue, at least *via* written submissions.  *Thomas v. Commissioner of Social Security*, 625 F.3d 798, 800 (3d Cir. 2010).

B.      *Dr. Oviedo's Report*

In accordance with the remand letter from the Appeals Council, the ALJ reviewed in detail the September 12, 2022, report prepared by Nimidia Oviedo, M.D., Blanca S.'s treating physician.  Among other findings, Dr. Oviedo opined that Blanca S. could sit for less than two hours total in an eight-hour workday, and that she would be absent from work more than three times per month.  Record at 1962, 1963.

The ALJ found Dr. Oviedo's report only partially persuasive:

[T]he claimant's testimony at the hearing indicated she was able to sit for most of the day.  Thus, opining she can sit for less than two hours total per workday is not consistent with the other evidence of record.  Moreover, it is unclear why the claimant would be absent on such a regular basis as the only medical findings cited to support the limitations opined were chronic low back pain with right side sciatica, asthma, and chronic knee pain.  As analyzed above, despite occasional acute exacerbations, her asthma is mild, intermittent, and not severe.  In addition, the evidence of record does not suggest her back or knee pain flares up at times to the point of necessitating absences from work.

Record at 2252.

Indeed, Blanca S. testified at her first hearing that, on a typical day, she would rise early, drink coffee, and tidy up her room, but that "other than that, I'm basically sitting down." Record at 61. Elsewhere, in the same hearing, she testified that she could only sit for five or six minutes before pain caused her to change positions. Record at 53. This was inconsistent with her later statement. Further, Blanca S.'s statement that she sat most of the day was more consistent with her representation in her Function Report, completed on October 7, 2021, that she was limited to sitting "at least an 1 ½ hour and a half [*sic*] [at] the most until I start feeling pain." Record at 337. It is impossible to say, therefore, that the ALJ erred in evaluating Dr. Oviedo's finding as to Blanca S.'s ability to sit, even though the record also contained contradictory evidence.

It should also be noted that the ALJ credited in large part the evidence as to Blanca S.'s physical impairments. If he had not credited them, he would not have limited Blanca S. to a restricted range of sedentary work. Record at 2248. Because substantial evidence supported the ALJ's decision regarding Blanca S.'s ability to sit, there is no basis here upon which to disturb his decision.

V.     *Conclusion*

In accordance with the above discussion, I conclude that the Plaintiff's Request for Review should be granted in part and the matter remanded to the Agency for the reevaluation of the mental health opinion evidence, with the parties permitted to brief these issues before the ALJ issues a decision.

BY THE COURT:

*/s/ Scott W. Reid*

_____

SCOTT W. REID
UNITED STATES MAGISTRATE JUDGE
